IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| GAS TRANSMISSION NORTHWEST, LLC, a Delaware limited liability company, | 2:15-CV-00359-BR<br><br>OPINION AND ORDER |
| Plaintiff, | |
| v. | |
| 15.83 ACRES OF PERMANENT EASEMENT MORE OR LESS, located in Morrow County; 25.09 ACRES OF TEMPORARY EASEMENT MORE OR LESS, located in Morrow County; CLINTON KREBS; MAUREEN KREBS; and PILZ & CO., LLC; | |
| Defendants. | |

CHARLES F. HUDSON
COZETTE T. TRAN-CAFFEE
Lane Powell, PC
601 S.W. Second Avenue
Suite 2100
Portland, OR 97204-3158
(503) 778-2178

    Attorneys for Plaintiff

1 - OPINION AND ORDER

**JILL S. GELINEAU**
Schwabe Williamson & Wyatt, PC
1211 S.W. Fifth Avenue
Suite 1800
Portland, OR 97204
(503) 796-2887

    Attorneys for Defendants Clinton and Maureen Krebs

**TIMOTHY R. VOLPERT**
522-A N.W. 23rd Avenue
Portland, OR 97210
(503) 703-9054

    Attorney for Defendant Pilz & Co., LLC

**BROWN, Judge.**

This matter comes before the Court on Plaintiff's Motion (#49) for Order of Condemnation and Immediate Possession. For the reasons that follow, the Court **GRANTS** Plaintiff's Motion.

## BACKGROUND

Plaintiff Gas Transmission Northwest, LLC (GTN), is a natural-gas company engaged in the transportation of natural gas in interstate commerce and, therefore, is subject to the jurisdiction of the Federal Energy Regulatory Commission (FERC).

On March 14, 2013, FERC issued to Plaintiff an Order Issuing Certificate and a Certificate of Public Convenience and

Necessity[1] for the construction and operation of a natural-gas pipeline (the Carty Lateral), which consists of approximately 24.4 miles of 20-inch diameter pipeline between Plaintiff's Ione Compressor Station and Portland General Electric's planned Carty Generating Station. The easements required for the Carty Lateral "cross 25 parcels in 15 ownerships."

The March 14, 2013, Certificate authorized the ownership, construction, and operation of the Carty Lateral by Plaintiff. No party filed a petition for rehearing with respect to the Certificate within the 30-day limit set out in 15 U.S.C. § 717r(a). FERC has required Plaintiff to "place" the Carty Lateral in service by December 31, 2015.

After FERC issued the Certificate, Plaintiff began negotiations with the various landowners for purchase of the easements necessary for construction of the Carty Lateral.

On October 20, 2014, Defendant Pilz & Co., LLC, recorded a conservation easement on a portion of the property owned by Defendants Clinton Krebs and Maureen Krebs. The conservation easement, which specifically excludes "energy development, or industrial or commercial development," occupies a portion of the

---

[1] FERC issued only one document titled Order Issuing Certificate. The Order Issuing Certificate, however, states in relevant part that "[a] certificate of public convenience and necessity is issued to GTN" and refers to "[t]he certificate issued herein." Am. Compl., Ex. 1 at 10. The Court, therefore, finds the Order Issuing Certificate and the Certificate are the same document.

3 - OPINION AND ORDER

route that FERC approved for the Carty Lateral pipeline. At some point, therefore, Plaintiff provided to the Krebs and to Pilz a copy of an appraisal of the value of the easement and a January 7, 2015, written purchase offer from Plaintiff. Plaintiff, however, was unable to reach an agreement with Pilz for possession of the necessary property.

On March 2, 2015, Plaintiff filed a Complaint for Eminent Domain pursuant to 15 U.S.C. § 717f(h) against a number of property owners, including the Krebs and Pilz. In its Complaint Plaintiff seeks an order condemning the necessary property, determining compensation, and granting any other proper relief.

On April 22, 2015, Plaintiff filed a Motion for Order of Condemnation in which it seeks an order of condemnation and immediate possession of the easements sought in the Complaint. At the time that Plaintiff filed its Motion for Order of Condemnation, Plaintiff had negotiated the purchase of easements from all but two property owners and expected to close on the purchase of an easement from one of the remaining owners shortly thereafter. The remaining property that is the subject of Plaintiff's Motion consists of approximately 15.83 acres on land owned by the Krebs and on which the Krebs provided the conservation easement to Pilz.

In its Motion Plaintiff seeks a permanent easement 50 feet wide for the Carty Lateral underground pipeline and related

appurtenances and a "temporary workspace easement" for one year of 22 acres "of variable width."[2] Plaintiff contends just compensation for the takings sought in this action is $148,200.

On May 18, 2015, Pilz filed Objections to Plaintiff's Motion for Order of Condemnation on the grounds that the property that Plaintiff sought to have condemned in its Complaint did not conform to the Certificate and that Plaintiff had failed to comply with certain environmental conditions contained in the Certificate.

On June 18, 2015, the Court heard oral argument during which Plaintiff conceded its Complaint did not conform to the Certificate. The Court, therefore, directed Plaintiff to file an Amended Complaint that conformed to the Certificate. Pilz, nevertheless, continued to object to Plaintiff's Motion for Condemnation on the basis that Plaintiff was not complying with certain environmental requirements. The Court, therefore, directed the parties to file by June 24, 2015, a Joint Statement of Issues remaining for the Court to address together with their arguments in support of their positions. The Court set further oral argument on June 26, 2015.

On June 22, 2015, Plaintiff filed an Amended Complaint conforming the property sought therein to the Certificate.

---

[2] The permanent and temporary easements sought are described in detail in Exhibit 2 to the Complaint.

5 – OPINION AND ORDER

On June 26, 2015, the Court heard further oral argument on Plaintiff's Motion for Order of Condemnation and took the matter under advisement.

## DISCUSSION

### I. Condemnation Standards

"The Natural Gas Act (NGA), 15 U.S.C. § 717f(h), gives a gas company the power to acquire property by eminent domain, but the Act does not provide for immediate possession, that is, possession before just compensation is determined and paid in a condemnation action." *E. Tenn. Natural Gas Co. v. Sage*, 361 F.3d 808, 818 (4th Cir. 2004). Specifically, § 717f(h) provides:

> When any holder of a [FERC] certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of the property to the compensation to be paid for, the necessary right-of-way to construct, operate and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located.

The procedure for obtaining a certificate from FERC is set out in the NGA and its implementing regulations, 18 C.F.R. § 157.1, *et seq*. The process begins with an application from a gas company that includes, among other things: (1) a description

6 - OPINION AND ORDER

of the proposed pipeline project, (2) a statement of the facts showing why the project is required, and (3) the estimated beginning and completion date for the project. 15 U.S.C. § 717f(d); 18 C.F.R. § 157.6(b). Notice of the application is filed in the Federal Register, public comment and protest is allowed, and FERC has to conduct a public hearing on the application. 15 U.S.C. §§ 157.9-157.11. As part of its evaluation, FERC must investigate the environmental consequences of the proposed project and issue an environmental impact statement. 42 U.S.C. § 4332. At the end of the process FERC issues a certificate when it finds the proposed project "is or will be required by the present or future public convenience and necessity." 15 U.S.C. § 717f(e).

The Ninth Circuit has held to obtain an order of condemnation a plaintiff must meet the requirements of § 717f of the NGA,

> which include [the plaintiff] showing: "(1) that it holds a FERC certificate authorizing the relevant project, (2) that the land to be taken is necessary to the project; and (3) that the company and the landowners have failed to agree on a price for the taking. . . . In addition to showing an inability to agree on a price with the landowner, [the plaintiff] must also establish that it engaged in good faith negotiations with the landowner."

*Transwestern Pipeline Co. v. 17.19 Acres of Prop. Located in Maricopa Cnty.*, 550 F.3d 770, 776 (9th Cir. 2008)(quoting *Nat'l Fuel Gas Supply Corp. v. 138 Acres of Land*, 84 F. Supp. 2d 405,

7 - OPINION AND ORDER

416 (W.D.N.Y. 2000)). The Ninth Circuit has made clear that "an order of condemnation must be issued before the substantive right of taking accrues." *Transwestern Pipeline Co.,* 550 F.3d at 777. This "strikes the correct balance of requiring the gas company to satisfy all elements of the statute, but does not require it to wait for the full determination of just compensation for each parcel before the district court uses its equitable powers to grant possession." *Id.*

After the court issues an order of condemnation, a plaintiff is entitled to possession of the property on the same showing required for a temporary injunction: (1) likelihood of success on the merits, (2) irreparable harm if the injunction is denied, (3) no greater harm to the defendants if relief is granted, and (4) the relief is in the public interest. *Nw. Pipeline Corp. v. The 20' x 1,430' Pipeline Right of Way Easement x 1560' Temp. Staging Area,* 197 F. Supp. 2d 1241, 1245 (E.D. Wash. 2002).

## II. Order of Condemnation

Plaintiff asserts it is entitled to an order of condemnation because it has complied with all of the requirements of § 717f. Specifically, Plaintiff notes FERC issued a Certificate of Public Convenience and Necessity to Plaintiff for the construction, ownership, and operation of the Carty Lateral, and no party filed a petition for rehearing within 30 days of the issuance of the certificate order as required under § 717r(a). In addition,

courts have held "by issuing the Certificate of Public Convenience and Necessity under the Natural Gas Act, FERC has already determined that Defendants' property interests are necessary." *Williston Basin Interstate Pipeline Co. v. Prop. Interests Necessary to Conduct Gas Storage Operations in Subterranean Geological Formations on & Beneath Prop. Located in Twp. 9 S., Range 23 E., Section 34, 35 & 36*, No. CV-09-167-BLG-RFC, 2010 WL 5104991, at *2 (D. Mont. Dec. 9, 2010). Finally, Plaintiff has engaged in good-faith negotiations with Defendants, including Pilz, but Plaintiff has not been able to reach an agreement with the Krebs and Pilz as to the easements.

At the June 26, 2015, oral argument Pilz conceded for purposes of Plaintiff's Motion that Pilz's only remaining objection is that Plaintiff is not complying with certain environmental requirements underlying the Certificate. Specifically, Pilz notes the Order Issuing Certificate "attached reasonable terms and conditions" to the Certificate including that it "is conditioned on GTN's compliance with the environmental conditions included in the Appendix to [the Order Issuing Certificate]," one of which is to avoid all Category 1 Washington ground-squirrel habitat. Pilz asserts (and Plaintiff does not deny) the property that Plaintiff currently seeks to condemn would not avoid all Category 1 Washington ground-squirrel habitat.

9 - OPINION AND ORDER

The Ninth Circuit has made clear that this Court may not enforce a certificate holder's compliance with the conditions in a FERC Certificate.  Pilz, however, asserts it is not asking the Court to enforce compliance with the conditions of the FERC Certificate itself, but instead is asking the Court to enforce compliance with the conditions of the Order Issuing Certificate.  Pilz asserts its challenge is within this Court's jurisdiction because the failure to comply with conditions in the Order Issuing Certificate renders the Certificate facially invalid, and, therefore, Plaintiff has not complied with the first element for condemnation under § 717.  Pilz does not cite any case in which a court has evaluated compliance with an order issuing certificate nor could this Court find any such case.  In addition, as noted, based on this record the Court has concluded the Order Issuing Certificate and the Certificate are one and the same in this matter.  Thus, the Court concludes Pilz is, in effect, challenging Plaintiff's compliance with the conditions of the Certificate and/or the validity of the Certificate.  As noted, the cases cited by both Pilz and Plaintiff indicate this Court does not have jurisdiction to evaluate Plaintiff's compliance with the terms of the Certificate or the validity of the Certificate because those are matters reserved to FERC.  *See, e.g., Transwestern*, 550 F.3d at 778 n.9 ("The [NGA] does not allow landowners to collaterally attack the FERC certificate in

10 - OPINION AND ORDER

the district court, it only allows enforcement of its provisions."); *Williams Nat. Gas Co. v. City of Okla. City*, 890 F.2d 255, 262 (10th Cir. 1989)("We agree with the appellants that the eminent domain authority granted the district courts under § 7(h) of the NGA, 15 U.S.C. § 717f(h), does not provide challengers with an additional forum to attack the substance and validity of a FERC order. The district court's function under the statute is not appellate but, rather, to provide for enforcement.")(citing *United States v. McBride*, 788 F.2d 1429, 1432 (10th Cir. 1986)). *Compare Bradwood Landing LLC NorthernStar Energy LLC*, 126 FERC P 61035, 2009 WL 107122 (2009)(proceedings before FERC in which FERC addressed a landowner's objections to the validity of a certificate of public convenience and necessity).

Thus, courts have specifically held "when a landowner contends that the certificate holder is not in compliance with the certificate, that challenge must be made to FERC, not the court." *Millennium Pipeline Co., L.L.C. v. Certain Permanent and Temp. Easements*, 777 F. Supp. 2d 475, 481 (W.D.N.Y. 2011) (citation and internal quotation marks omitted). *See also Portland Natural Gas Transmission Sys. v. 4.83 Acres of Land*, 26 F. Supp. 2d 332, 339 (D.N.H. 1998)("The district court does not have the authority to enforce compliance with pre-construction conditions."); *Columbia Gas Transmission, LLC v. 16 Acres More or*

11 - OPINION AND ORDER

*Less*, No. ELH-14-0110, 2014 WL 2960836, at *3 (D. Md. July 27, 2014)("Complaints that the holder of a certificate is violating the certificate must be made to FERC not the district court in a condemnation proceeding."); *Guardian Pipeline, L.L.C. v. 295.49 Acres of Land*, No. 08-C-0028, 2008 WL 1751358, at *16 n.6 (E.D. Wis. Apr. 11, 2008), *amended by* No. 08-C-28, 2008 WL 2790179 (E.D. Wis. July 15, 2008)(same).

Moreover, "[e]ven assuming, for argument's sake, that [the certificate holder] is violating the FERC Certificate conditions, this would not affect the validity of the FERC Certificate or [the certificate holder's] ability to exercise its authority of eminent domain." *Columbia Gas Transmission LLC v. 0.85 Acres, More or Less*, No. WDQ-14-2288, 2014 WL 4471541, at *4 (D. Md. Sept. 8, 2014). Thus, to the extent that Pilz asserts Plaintiff's alleged failure to comply with the conditions of the Certificate renders the FERC certificate invalid, courts also have held that is an issue for FERC rather than the district court. For example, in *Millennium Pipeline* the court held:

> [T]o the extent that Hendricks seeks to challenge any aspect of the FERC certificate, he may not do so here. For one thing, he failed to seek administrative review under the NGA, see 15 U.S.C. § 717r(a), and judicial review is only available in the Court of Appeals. 15 U.S.C. § 717r(b). *See Williston Basin Interstate Pipeline Co. v. Dolyniuk Family Trust*, No. A1-03-66, 2005 WL 1398692, at *2 (D.N.D. June 7, 2005)("District Courts . . . are limited to jurisdiction to order condemnation of property in accord with a facially valid certificate. Questions of the *propriety or*

12 - OPINION AND ORDER

> *validity* of the certificate *must first be brought to [FERC]* upon an application for rehearing and the Commissioner's action thereafter may be reviewed by a United States Court of Appeals").

777 F. Supp. 2d at 480 (emphasis added).

Similarly in *Williston Basin Interstate Pipeline Co. v. Dolyniuk Family Trust* the court held:

> The District Court's role is to evaluate the scope of the certificate and to order condemnation of property as authorized in the certificate. *See Williams Natural Vas Co. v. Okla. City*, 890 F.2d 255, 262 (10th Cir. 1989)("Judicial review . . . is exclusive in the courts of appeals once the FERC certificate issues."). . . . District Courts, therefore, are limited to jurisdiction to order condemnation of property in accord with a facially valid certificate. *Questions of the propriety or validity of the certificate must first be brought to the Commission* upon an application for rehearing and the Commissioner's action thereafter may be reviewed by a United States Court of Appeals.

No. A1-03-66, 2005 WL 1398692, at *2 (D.N.D. June 7, 2005) (emphasis added).

In *Tennessee Gas Pipeline Co. v. 104 Acres of Land More or Less* the court explained:

> United States District Courts have a limited scope of review in condemnation proceedings brought under Section 7(h) of the Natural Gas Act. Disputes over the reasons and procedures for issuing certificates of public convenience and necessity must be brought to the Federal Energy Regulatory Commission for rehearing. 15 U.S.C. § 717r(a). Appeals may thereafter be brought to a United States Court of Appeals. 15 U.S.C. § 717r(b). The District Court's role is to evaluate the scope of the certificate and to order condemnation of property as authorized in the certificate. District Courts, therefore, are

13 - OPINION AND ORDER

> limited to jurisdiction to order condemnation of property in accord with a facially valid certificate. Questions of the *propriety or validity of the certificate must first be brought to the Commission* upon an application for rehearing and the Commission's action thereafter may be reviewed by a United States Court of Appeals.

749 F. Supp. 427, 430 (D.R.I. 1990)(emphasis added).

In summary, these cases make clear that questions of compliance with the conditions of a FERC certificate or the validity of a FERC certificate must be made before FERC and appealed to the Ninth Circuit Court of Appeals rather than addressed by this Court in a condemnation proceeding.

Accordingly, the Court grants Plaintiff's Motion for Order of Condemnation.

### III. Immediate Possession

As noted, after the Court issues an order of condemnation, a plaintiff is entitled to possession of the property after the same showing required for a temporary injunction: (1) likelihood of success on the merits, (2) irreparable harm if the injunction is denied, (3) no greater harm to the defendants if relief is granted, and (4) the relief is in the public interest. *Nw. Pipeline Corp.*, 197 F. Supp. 2d at 1245. "The elements of [this] test are balanced, so that a stronger showing of one element may offset a weaker showing of another. For example, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits." *Alliance For*

14 - OPINION AND ORDER

*The Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011)(citation omitted).

### A.   Success on the Merits

"For actions pursuant to the [NGA when] an order of condemnation has issued, the question is not whether the status quo will change, but merely when — it is simply an issue of timing. Thus, success on the merits is apparent." *Tenn. Gas Pipeline Co. v. 0.018 Acres of Land in the Twp. of Vernon, Sussex Cnty., New Jersey*, No. 10-4465 JLL, 2010 WL 3883260, at *2 (D.N.J. Sept. 28, 2010)(citing E. Tenn. Natural Gas Co., 361 F.3d at 830). *See also Columbia Gas Transmission*, 2014 WL 2960836, at *13 (this element is "coextensive" with confirmation of the right to condemn). Here Plaintiff has met the requirements for an order of condemnation and, therefore, has shown its likelihood of success on the merits with respect to possession of the property.

### B.   Irreparable Harm

Plaintiff points out that FERC initially required Plaintiff to place the Carty Lateral in service by March 14, 2015. Plaintiff obtained an extension of the in-service date to December 15, 2015, but any further construction delays caused by Plaintiff's lack of immediate possession of the property would jeopardize Plaintiff's ability to make the December 15, 2015, deadline, which, in turn, threatens Portland General Electric's May 2016 in-service date for the Carty Generating Station. The

15 - OPINION AND ORDER

Carty Generating Station is part of Portland General Electric's efforts to meet electrical power demand in its service territory and to increase supply diversity and reliability. Accordingly, delays in getting the Carty Generating Station online may cause irreparable loss of Portland General Electric's ability to meet power demands.

### C. Harm to Defendants

In an NGA condemnation action "[t]he harm to be analyzed [by the court] is not the harm of possession, since that is a given, but, rather, the harm of immediate possession." *Tenn. Gas Pipeline*, 2010 WL 3883260, at *2. Here any harm caused by the construction of the Carty Lateral will be the same regardless when Plaintiff is granted possession. Pilz has not pointed to any special or particular harm that will result from immediate possession of the property rather than from possession at a later date.

### D. Public Interest

"Congress passed the [NGA] and gave gas companies condemnation power to ensure that consumers would have access to an adequate supply of natural gas at reasonable prices." *Columbia Gas Transmission*, 2014 WL 2960836, at *16 (quoting *E. Tenn. Natural Gas Co.*, 361 F.3d at 830). Thus, by granting the Certificate, FERC determined the Carty Lateral promoted the goals of Congress and the NGA. *See Columbia Gas Transmission*, 2014 WL

16 - OPINION AND ORDER

2960836, at *16. *See also Tenn. Gas Pipeline*, 2010 WL 3883260, at *3 ("By granting the certificate, FERC made a determination that the pipeline is necessary and in the public interest."). In addition, Plaintiff asserts Portland General Electric will be better able to satisfy the public's need for adequate and sustainable electric power by increasing the diversity and reliability of the supply of natural gas via the Carty Generating Station.

On this record the Court concludes Plaintiff has satisfied the elements for an order of immediate possession. Accordingly, the Court grants Plaintiff's Motion for immediate possession of the property at issue.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Motion (#49) for Order of Condemnation and Immediate Possession.

IT IS SO ORDERED.

DATED this 27th day of August, 2015.

_____
ANNA J. BROWN
United States District Judge

17 - OPINION AND ORDER